Filed 6/24/22  P. v. Johnson CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MYRON JOHNSON,<br><br>    Defendant and Appellant. | F082438<br><br>(Tulare Super. Ct. No. VCF346256)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Tulare County.  Melinda Myrle Reed, Judge.

Brad Kaiserman, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Hill, P. J., Levy, J. and Detjen, J.

Appointed counsel for defendant Myron Johnson asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. After filing the *Wende* brief, appointed counsel filed an application to expand appointment to include preparation of a petition for writ of habeas corpus to be filed in the trial court on the ground of ineffective assistance of counsel in misadvising defendant that he would receive "half-time" credits in prison. We affirm the judgment but will expand appointed counsel's appointment.

## BACKGROUND

Between about November 1, 2016, and December 1, 2016, defendant, who had a prior felony conviction, persuaded four victims under the age of 18 years to engage in commercial sex acts.

On January 20, 2017, defendant possessed a firearm.

On December 8, 2017, in case No. VCF346256, the Tulare County District Attorney filed an information charging defendant with 20 counts related to trafficking of a minor, pimping, and pandering against four victims.

The same day, in case No. VCF346180, an information was filed charging defendant with three counts related to firearm and ammunition possession.

On May 30, 2019, the trial court held a change of plea hearing. The following discussion occurred:

"THE COURT: [That term is c]oncurrent?

"THE DEFENDANT: With half time.

"[DEFENSE COUNSEL]: And all of these offenses carry half time.

"THE DEFENDANT: I'm being sentenced to half time on my credits for the time I've been in custody? I want to make sure. My apologies.

2.

"THE COURT:  It's okay.  That's how it works.

"[DEFENSE COUNSEL]:  We'll put it on the record just to make sure it travels.

"THE COURT:  That's not a problem, but I do understand it will take us a couple weeks to get a probation report.

"THE DEFENDANT:  Yes."

Later at the same hearing, when the prosecutor was describing the terms of the plea offer, she stated:  "As to any credit issues, I leave those up to CDC[R].  I know there ha[ve] been several changes to the law after the Prop[osition] 57 passage.  So I will make no guarantees as to credits.  I know CDCR is doing additional credits."

Defendant later asked, "The probation report will have the amount of days that I've been in custody as my credits running with the case, and it will implement that I'm getting half time, one day counts as two days, via the discretion that my behavior is good?"  The court answered, "If you have good time and work time, that will total up to basically 50 percent credits pursuant to [section] 4019 of the Penal Code.  That's a Penal Code section.  That's how it's applied.  It's not like we're gonna do it this way and one person this way.  Penal Code Section 4019 credits.  As long as you did your part of it, which is stay out of trouble, then you get the full [section] 4019 credits."

In case No. VCF346256, defendant pled no contest to counts 1, 9, 13, and 17, amended so that each was a violation of Penal Code section 236.1, subdivision (c)(1).[1]  In case No. VCF346180, defendant pled no contest to being a felon in possession of a firearm (§ 29800, subd. (a)(1)) in count 1.  In both cases, he admitted a prior "strike" conviction allegation within the meaning of the "Three Strikes" law.  (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).)  According to the agreement, defendant would be sentenced to a total of 30 years eight months on the two cases.

---

[1] All statutory references are to the Penal Code.

On June 17, 2019, the trial court sentenced defendant to the agreed-upon 30 years eight months in prison, as follows:  in case No. VCF346256, on count 1, the upper term of 24 years; on count 9, five consecutive years;[2] on count 13, 16 concurrent years; and on count 17, eight concurrent years.  In case No. VCF346180, the court imposed 16 consecutive months on count 1.  The court imposed various fines and fees and awarded 1,757 days of presentence custody credits (859 days, plus 439 days of conduct credits and 439 days of work credits).

After the court finished sentencing, the following exchange occurred:

> "[DEFENSE COUNSEL]:  … [Defendant] is asking that it be on the record that what he is being sentenced to is eligible for half time in CDCR [(California Department of Corrections and Rehabilitation)].

> "THE COURT:  I'm not sure because of his prior strike.  That's my concern.  The credits get reduced.

> "[DEFENSE COUNSEL]:  Right.  So he might not get milestone time.  That's up to CDCR, but because what he pled to isn't violent, then it is eligible for half time.

> "THE COURT:  Okay.  And I will let CDCR deal with that.  If there is an issue with it, you can always bring it back, but I believe that because—I'm not sure the relationship between the prior strike, because I know credits are reduced for that and the other one.  If there are offenses in there that are not serious and violent, then he could possibly be eligible.  I'm not going to make the ruling that he is.

> "[PROSECUTOR]:  For the record, the People made no promises at the time of the offer that defendant was going to be getting half time and no promises were made today.

---

[2] We note that the prosecutor informed the trial court, as it was pronouncing sentence, that count 9 should be concurrent rather than consecutive, so the court restated as instructed.  But the concurrent term on count 9 was inconsistent with the plea agreement and was recorded as consecutive in the abstract of judgment.  We believe the court's initial oral pronouncement was correct and the term was indeed consecutive, as the abstract reflects.

"[DEFENSE COUNSEL]: Just—and I'm not saying that the People have promised anything. What I am stating is that because the offenses are both nonviolent and not serious, that they are eligible for half time.

"THE COURT: And he can make that argument, certainly. I have no problem with that. We really hadn't discussed that. That wasn't part of the plea. Whatever the law allows, that's what's going to happen.

"THE DEFENDANT: She shook her head yeah."

On February 4, 2021, defendant (assisted by new counsel) filed a motion to withdraw his pleas, arguing that defense counsel was ineffective for misadvising him during the plea bargaining and sentencing. He claimed he accepted the plea offer based on defense counsel's advice that he would serve only half of his 24-year term on count 1 because section 236.1, subdivision (c)(1) is not a violent crime. In actuality, however, he did not qualify for half-time credits because of his prior strike conviction, as mandated by the Three Strikes law (§§ 667, subd. (c)(5); 1170.12, subd. (a)(5)). Attached to this motion was a declaration by defense counsel (unsigned and undated), attesting that she misadvised defendant regarding the credits he would be eligible to earn in prison.

The prosecution filed an opposition to the motion, raising several reasons the motion should be denied: First, defendant had already raised the issue in a habeas corpus petition filed on May 5, 2020, although the prosecution could not locate the ruling on the petition. Second, the trial court's jurisdiction over the case had long since passed and there were no extraordinary circumstances under which the court should entertain a motion to withdraw the plea. Third, even if the court had jurisdiction, defendant would have to justify the delay and address the reason a denial of habeas would allow the motion. Finally, the assurance of receiving certain credits would not be a valid basis to withdraw a plea.

On February 25, 2021, the trial court held a hearing on defendant's motion to withdraw the plea. New counsel claimed defendant had filed a petition for writ of habeas corpus in May 2020 but had received no ruling. The prosecutor stated she did not know

what had happened to the petition and a ruling could not be found. The court denied the motion, noting that "it appears the issue may have been ruled upon or brought up in habeas corpus, and the Court does not intend to duplicate any proceeding from that filing here."

The same day, defendant filed a notice of appeal.

On April 7, 2021, appointed counsel moved to augment the appellate record with the habeas corpus petition, any opposition filed, and both the clerk's and reporter's transcripts of any proceeding related to the petition. On May 12, 2021, the clerk of the trial court responded with a declaration stating she was unable to locate any such documents.

We conclude the record on appeal is inadequate for us to evaluate whether defendant received ineffective assistance of counsel, and thus we grant appointed counsel's request for an expanded appointment to prepare a petition for writ of habeas corpus to be filed in the trial court.

## DISPOSITION

The judgment is affirmed. Appointed counsel's motion to expand his appointment is granted. Counsel's appointment shall include eight hours for preparing and filing a petition for writ of habeas corpus in the trial court.